UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KYLE COBUS**, *an individual,*

        Plaintiff,

v.

**THE CITY OF MADISON HEIGHTS,** *a municipal corporation*, **CHIEF BRENT LEMERISE**, *in his personal and professional capacity, jointly and severally,*

        Defendants.

Case No: 24-cv-
Hon.

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

---

## PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY

Plaintiff Kyle Cobus, by his attorneys Deborah Gordon Law, hereby complains against Defendants as follows:

### JURISDICTION AND PARTIES

1. This is an action for failure to accommodate, discrimination, and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.*,

the Persons with Disabilities Civil Rights Act, MCL 37.1201 *et seq.*, the Workers Disability Compensation Act, MCL 418.101 *et seq.*, and for defamation and false light.

2. Plaintiff Kyle Cobus is a resident of Michigan and resides in the Eastern District of Michigan.

3. Defendant City of Madison Heights is a municipal corporation and governmental subdivision organized under the law of Michigan, located in the Eastern District of Michigan.

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1367(a) as this matter is a civil action arising under the laws of the United States, and alleges state law claims that are so related that they form part of the same case or controversy.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this matter occurred in this district.

## FACTS

6. Plaintiff is a police officer and a veteran of the United States Army.

7. On January 8, 2024, Plaintiff was hired as an officer for the Madison Heights Police Department. Prior to that job, Plaintiff worked successfully as a Public Safety Officer (in the police and fire departments) from February 2021 to 2024, when he resigned in good standing.

8. Like most new officers, Plaintiff was hired in as a "probationary officer" for the first year of his service. He always performed satisfactorily or better and received positive feedback.

9. On or around January 17, 2024, Plaintiff slipped and fell on ice while walking into his home. He sought treatment.

10. As a result of the fall, Plaintiff was diagnosed with hip pain and a possible muscle injury, which caused him to periodically limp. His supervisor, Lieutenant Scott Holdreith, inquired about the limp, and Plaintiff told him about the slip and fall.

11. Plaintiff was not given any work restrictions and continued to perform his job satisfactorily.

12. Plaintiff continued to evaluate treatment options for his injury. On April 23, 2024, he saw an orthopedic doctor and had an MRI.

13. On April 25, 2024, Plaintiff was diagnosed with Avascular Necrosis in both of his hips. The condition, though present beforehand, only became symptomatic after his fall.

14. Plaintiff advised Defendants (Lieutenant Jordan Reick) that he had no work restrictions as it pertained to his hip.

15. Plaintiff continued to work for Defendants without restrictions and performed his job satisfactorily.

16. On April 30, 2024, Plaintiff was injured in a car accident while on duty when a vehicle slammed into his patrol car on the driver's side, where he was seated.

3

17. Plaintiff immediately informed two of his supervisors, Sgt. Rayner and Lt. Reick, of the accident and his subsequent pain.

18. Plaintiff went home that day and completed an internal report about the car accident with the Department.

19. The next morning, on May 1, 2024, Plaintiff initiated a Workers Compensation Claim through Defendants' Human Resources department. He also reported the injury to Sgt. Baker.

20. The Department referred Plaintiff to Ascension Hospital, where he was evaluated by clinical staff on May 2.

21. He was diagnosed with "cervical strain", "bilateral hip pain", "back pain", and "shoulder pain" and was issued a work restriction, that he was to remain off of work. He was prescribed pain medication and physical therapy.

22. On May 15, 2024, Plaintiff met with Chief Brent LeMerise and Deputy Chief Jeff Filzek. He told them about his injuries and/or diagnoses, that he was to remain off of work per Ascension, and provided them with paperwork.

23. The Chief told Plaintiff that his injury was not that bad, the accident was minor, and that Plaintiff should already be back at work.

24. During that meeting, Plaintiff told the Chief about his previously unknown preexisting condition, Avascular Necrosis. The Chief asked Plaintiff if the injury from the car accident had to do with his Avascular Necrosis. Plaintiff explained that the car accident made the Avascular Necrosis symptomatic. Plaintiff also explained

4

that he did not have any work restrictions as to the Avascular Necrosis before the car accident.

25. On May 16, 2024, the Chief called Plaintiff and told him to come into the Department with all of his equipment for a meeting with Human Resources on May 21.

26. On May 21, 2024, Defendants terminated Plaintiff because of his medical condition. The termination letter, signed by Chief LeMerise, states "you are presently unable to report for duty due to your current medical status. As a non-seniority employee, the City is exercising its rights to terminate your probationary position as Madison Heights Police Officer."

27. On May 21, 2024, Chief LeMerise submitted a provably false statement to Michigan Commission on Law Enforcement Standards (MCOLES) about Plaintiff, stating, that Plaintiff "failed to disclose medical information that prevented or could have prevented him from performing the essential functions of a Police Officer."

28. When LeMerise made this statement, he knew it was false.

29. As a result of LeMerise's statement to MCOLES, Plaintiff has had a very difficult time becoming hired as a police officer at another department and, despite diligently searching for a job, remains unemployed.

## COUNT I
### RETALIATION IN VIOLATION OF WORKER'S DISABILITY COMPENSATION ACT ("WDCA"), MCL 418.101 *ET SEQ.*
*As to Defendants City of Madison Heights and Brent LeMerise in his official capacity*

5

30. Plaintiff repeats and realleges all foregoing paragraphs as if they were set forth fully herein.

31. Pursuant to the WDCA, "A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act." MCL 418.301(13).

32. Plaintiff asserted a right under the WDCA and/or actually exercised that right, including but not limited to, when he instituted a proceeding to receive Workers Compensation benefits.

33. Plaintiff was terminated, at least in significant part, because of his protected activity under the WDCA.

34. As a direct and proximate result of the violations of Plaintiff's rights as alleged, he has suffered loss of earnings and earning capacity, past and future lost earnings; and loss of the value of benefits.

35. Defendants' actions as described above were intentional and in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

## COUNT II
**Discrimination in Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and the Michigan's Persons with Disabilities Civil Rights Act (PWDCRA)**
*As to Defendants City of Madison Heights and Brent LeMerise in his official capacity*

36. Plaintiff realleges all prior paragraphs as if they were fully set forth herein.

37. Plaintiff is a disabled person within the meaning of the ADA and PWDCRA because he actually and currently has, a record of, or is regarded as having a physical impairment that substantially limits one or more major life activities.

38. Plaintiff is an employee and Defendant is a covered entity under the ADA and PWDCRA.

39. Defendant knew of Plaintiff's disability and/or perceived Plaintiff as disabled.

40. Plaintiff was qualified to perform the essential functions of his job with or without a reasonable accommodation.

41. Plaintiff was adversely impacted in the terms and conditions of his employment, at least in part, for his disability.

42. Defendant violated the ADA and PWDCRA by refusing to accommodate Plaintiff's known disability and by terminating Plaintiff because of his disability.

43. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of fringe benefits, mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

44. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

## COUNT III
### Retaliation violation of the ADA and PWDCRA
*As to Defendants City of Madison Heights and Brent LeMerise in his official capacity*

45. Plaintiff realleges all prior paragraphs as if they were fully set forth herein.

46. Defendant retaliated against Plaintiff in violation of the ADA and PWDCRA.

47. Plaintiff engaged in activities protected by the Acts including but not limited to when he requested a reasonable accommodation for his disability.

48. Defendant took a materially adverse action against Plaintiff by terminating him in retaliation for exercising his right(s) under the Acts.

49. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

50. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of fringe benefits, mental anguish, physical and emotional distress, humiliation and embarrassment, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

## COUNT IV
## DEFAMATON

*As to Defendant Brent LeMerise in his personal capacity*

51. Plaintiff realleges all prior paragraphs as if they were fully set forth herein.

52. LeMerise made a provably false and defamatory statement concerning the plaintiff when he submitted to MCOLES that Plaintiff "failed to disclose medical information that prevented or could have prevented him from performing the essential functions of a Police Officer."

53. The statement harmed Plaintiff's reputation as a police officer and a person of good moral character.

54. LeMerise knew the statement was false at the time or acted with reckless disregard as to whether the statement was false.

55. The statement was not privileged.

56. The statement was made with actual malice.

57. As a direct and proximate cause of LeMerise's false statement, Plaintiff has suffered damages including, but not limited to, damage to his reputation, loss jobs and income, loss of career opportunities, and emotional distress, including, but not limited to, embarrassment, humiliation and outrage.

## COUNT V
## FALSE LIGHT
*As to Defendant Brent LeMerise in his personal capacity*

58. Plaintiff realleges all prior paragraphs as if they were fully set forth herein.

59. LeMerise's statement, that Plaintiff "failed to disclose medical information that prevented or could have prevented him from performing the essential functions of a Police Officer", was false and portrayed Plaintiff in a false light.

60. The false statement was made public and/or was disclosed to a large group of people.

61. The false light in which Plaintiff was placed was highly offensive to a reasonable person.

62. LeMerise knew of or acted in reckless disregard as to the falsity of the matter and the false light in which the Plaintiff would be placed.

63. The statement was designed to harm Plaintiff's reputation and career opportunities.

64. LeMerise's public statements were made with actual malice.

65. As a direct and proximate cause of LeMerise's false statement, Plaintiff has suffered damages including, but not limited to, damage to his reputation, loss jobs and income, loss of career opportunities, and emotional distress, including, but not limited to, embarrassment, humiliation and outrage.

**RELIEF REQUESTED**

For all the foregoing reasons, Plaintiff Kyle Cobus demands judgment against Defendant as follows:

    **A.    LEGAL RELIEF**

        1.    Compensatory, economic, and noneconomic damages in whatever

      amount Plaintiff is found to be entitled;

2. Exemplary damages in whatever amount Plaintiff is found to be entitled;

3. Punitive damages in whatever amount Plaintiff is found to be entitled;

4. Liquidated damages in whatever amount Plaintiff is found to be entitled; and

5. An award of interest, costs and reasonable attorney fees.

B. **EQUITABLE RELIEF**

1. An order from this Court placing Plaintiff in the position he would have been in had there been no wrongdoing by Defendant, including reinstatement with back pay;

2. An injunction out of this Court prohibiting any further acts of wrongdoing;

3. An award of interest, costs and reasonable attorney fees; and

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: September 11, 2024      **DEBORAH GORDON LAW**
*/s/ Deborah L. Gordon*
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## JURY DEMAND

Plaintiff Kyle Cobus, by his attorneys **Deborah Gordon Law,** demands a trial by jury of all the issues in this cause.

Dated: September 11, 2024          **DEBORAH GORDON LAW**
*/s/Deborah L. Gordon*
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com